UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Immaculee Muhizi,

      Plaintiff

v.                                          Civil Case No. 1:21-cv-00946-PB

B-X Concord, LLC
d/b/a
The Birches at Concord,

      Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT
## AND DEMAND FOR JURY TRIAL

Defendant B-X Concord, LLC d/b/a/ The Birches at Concord ("Defendant"), by its

attorneys Jackson Lewis, P.C., hereby answers the Complaint of Plaintiff Immaculee Muhizi

("Muhizi")[1] as follows:

1.      Defendant admits the allegations in Paragraph 1 of the Complaint.

2.      Defendant denies the allegations in Paragraph 2. By way of further answer, Defendant

      states that Muhizi was hired to work at a different facility in September of 2012.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations in Paragraph 6 to the extent that Acres assisted in

      scheduling from July 2017 to December 2017 after Muhizi went, at her own request, to

      *per diem* status. Denied as to the remaining allegations in Paragraph 6.

---

[1] The Complaint is Muhizi's Charge of Discrimination dual filed with the N.H. Human Rights Commission and the U.S. Equal Employment Opportunity Commission on or about March 28, 2018, and removed by Defendant to the Merrimack County Superior Court pursuant to the provisions of RSA 354-A:21. The Complaint was then removed by Defendant to this Court which has jurisdiction over Muhizi's claims under 28 U.S.C. § 1331.

7.    Defendant denies the allegations in Paragraph 7 of the Complaint.

8.    Defendant admits the allegations in Paragraph 8 of the Complaint to the extent that

Muhizi complained to Noel regarding Acres' alleged behavior towards her. Denied as to

the remaining allegations in Paragraph 8.

9.    Defendant admis the allegations in Paragraph 9 to the extent that on January 2, 2016,

Muhizi resigned from her position as a full time Nurse Supervisor at Bedford Falls and

requested to go on to per diem status. Denied as to the remaining allegations in Paragraph

9.

10.   Defendant admits the allegations in Paragraph 10 to the extent that on February 1, 2016

Muhizi transferred to the Birches. Defendant denies that Muhizi requested to work full

time at the Birches. Denied as to the remaining allegations in Paragraph 10.

11.   Defendant states that it is without knowledge or information sufficient to form as belief

as to the allegations in Paragraph 11 and so denies them. By way of further answer,

Defendant cannot determine the time frame referenced in this allegation. Defendant

admits that at various times while the Muhizi worked as a part time LPN or on a per diem

basis at the Birches, (February 1, 2016-September 10, 2017) that full time LPN positions

may have been available from time to time. Denied as to the remaining allegations in

Paragraph 11.

12.   Defendant denies the allegations in Paragraph 12. Answering further, Muhizi was given

an interview by Matt Soroko for a general, part-time LPN position.

13.   Defendant denies the allegations in Paragraph 13. Answering further, another individual

was hired for the part-time position referenced in Paragraph 12 who, on information and

belief, is white.

14.   Defendant denies the allegations in Paragraph 14. Answering further, Defendant states that Muhizi never requested to work full time at the Birches or that the Birches were interviewing for a full-time LPN position in spring of 2017.

15.   Defendant denies the allegations in Paragraph 15. Answering further, Defendant states that Muhizi requested *per diem* status.

16.   Defendant admits the allegations in Paragraph 16 to the extent that Acres assisted in scheduling from July 2017 to December 2017 after Muhizi went, at her own request, to *per diem* status. Denied as to the remaining allegations in Paragraph 16.

17.   Defendant states that it is without knowledge or information sufficient to form as belief as to the allegations in Paragraph 17 and so denies them..

18.   Defendant states that it is without knowledge or information sufficient to form as belief as to the allegations in Paragraph 18 and so denies them..

19.   Defendant denies the allegations in Paragraph 19. Answering further, Defendant states that it never received any request for light-work duty or any other accommodation from Muhizi.

20.   Defendant denies the allegations in Paragraph 20. Answering further, Muhizi was transferred back to Bedford Falls on September 10, 2017 where she continues to be assigned shifts on a per diem basis whenever she is available for work. Muhizi continued as a per diem employee at Bedford Falls from September of 2017 through December of 2018, when she was terminated after she stopped responding to requests from Bedford Falls to take a sufficient number of shifts to satisfy the Company's per diem requirements.

21.   Defendant denies the allegations in Paragraph 21.

22.   Defendant denies the allegations in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23.

**FURTHER ANSWERING AND BY WAY OF AFFIRMATIVE DEFENSE,**

A.    Muhizi has failed and refused to take reasonable steps to mitigate any damages to which she might otherwise be entitled.

B.    Muhizi never requested any accommodation.

C.    Muhizi is not disabled under the law.

D.    Muhizi was not discriminated against on the basis of her race or national origin.

E.    The alleged failure to provide a reasonable accommodation cannot, as a matter of law be retaliation for requesting an accommodation.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant requests a jury trial in this matter.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A.  Enter judgment in its favor;

B.  Dismiss Muhizi's Complaint with prejudice;

C.  Award Defendant its attorneys' fees, costs and expenses; and

D.  Grant such further and other relief as the Court deems appropriate.


Respectfully Submitted,
B-X CONCORD, LLC d/b/a
THE BIRCHES AT CONCORD,
By its attorneys,
JACKSON LEWIS P.C.,


Date:   November 22, 2021          By:    /s/ Martha Van Oot
                                          Martha Van Oot, NHBA #963
                                          Samuel H. Martin, NHBA #272195
                                          100 International Drive, Suite 363
                                          Portsmouth, NH 03801

603.559.2700
Martha.vanoot@jacksonlewis.com
Samuel.martin@jacksonlewis.com

<u>Certificate of Service</u>

I hereby certify that copies of the foregoing were this day served, via email and the court's electronic filing system, on *pro se* Plaintiff, Immaculee Muhizi, immaculeemu2004@yahoo.com.

Date:   November 22, 2021                    /s/ Martha Van Oot
                                             Martha Van Oot

4857-1259-4180, v. 1